**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DEBBIE BATISTE** | * | **CIVIL ACTION NO. 2:23-cv-2128** |
| | * | |
| | * | **JUDGE** |
| **VS.** | * | |
| | * | **MAGISTRATE JUDGE** |
| **STATE FARM FIRE AND** | * | |
| **CASUALTY COMPANY** | * | **JURY DEMAND** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**
(Jury Trial Requested)

**COMES NOW** Complainant, Debbie Batiste, by and through their attorney of record, and enters this Complaint against Defendant, State Farm Fire and Casualty Company, and shows this Honorable Court that:

**I. PARTIES**

**1.**

Complainant **DEBBIE BATISTE** is an adult resident of the Parish of St. John the Baptist, in the State of Louisiana.

**2.**

Made Defendant herein **STATE FARM FIRE AND CASUALTY** (hereinafter "State Farm" or "Defendant"), an insurer with a State of Incorporation of Illinois with a principal place of business in Illinois, who is authorized to do and is doing business in the State of Louisiana and the Parish of St. John the Baptist, which may be served through its Registered Agent for Service of Process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## II. JURISDICTION AND VENUE

**3.**

Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

**4.**

Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Complainant reside in this District; and the property that is subject to the dispute between Complainant and State Farm is located in this District.

## III. RELEVANT FACTS

**5.**

At all times relevant hereto, Complainant owned the property located at 150 Melius Dr. Reserve, Louisiana 70084 (the "Property").

**6.**

At all timed relevant hereto, Defendant provided a policy of insurance, number 18-BP-9892 (the "Policy"), to Complainant, which covered the Property against perils including hurricanes and provided the following coverages: $127,800 for Dwelling; $12,780 for Other Structures; $95,850 for Personal Property; $38,340 for loss of use; *inter alia.*

**7.**

On or around August 29, 2021, Hurricane Ida made landfall and caused significant damage to Complainant's property.

**8.**

Complainant promptly reported the loss to Defendant, who assigned it claim number 18-24Z0-64T (the "Ida Claim").

**9.**

As soon as practicable, Complainant made efforts to mitigate the damage to the best of her ability under the circumstances.

**10.**

On or about September 28, 2021, State Farm dispatched one of their adjusters to inspect the property and document damages to the dwelling, but after over-depreciating the loss and applying the Policy's deductible, Complainant was only allowed a meager $4,043.09 for Complainant 's substantial and covered losses.

**11.**

This inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

**12.**

On or about March 10, 2022, Defendant tendered a payment in the amount of $2,663.13 for Complainant 's personal property.

**13.**

On or about April 2, 2022, Defendant tendered a supplemental payment in the amount of $18,533.81 for Complainant dwelling losses.

**14.**

Complainant was unable to make meaningful repairs to her Property with the meager proceeds allowed by Defendant.

## 15.

Upon information and belief, Defendant failed to adequately compensate Complainant for the loss.

## 16.

As a result, Complainant was forced to incur the expense of retaining counsel and other expenses to prosecute her claim.

## 17.

On or about May 2, 2022, Anthony Marmolejos of Prime Claims Adjusters on behalf of Complainant and documented $53,848.89 in damages to the Dwelling and $11,364.67 in damages to Other Structures.

## 18.

On or about July 18, 2022, Defendant reinspected/ issued a supplemental estimate but after again over-depreciating the loss and applying the Policy's deductible, allowed Complainant no additional damages to Complainant 's substantial and covered losses.

## 19.

This reinspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

## 20.

On or about September 30, 2022, a demand for the release of unconditional tenders in the amount of $65,213.51 was submitted to Defendant, along with the Prime Claims estimate and supporting photographs demonstrating the loss.

**21.**

This submission, as well as with Defendant's initial and reinspection of the property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

**22.**

On or about October 11, 2022, Defendant again reinspected/ issued a supplemental estimate, but after again over-depreciating the loss and applying the Policy's deductible, only allowed Complainant an additional $11, 061.86 for her substantial and covered losses.

**23.**

As a result of Defendant's failure to timely and adequately compensate Complainant for her substantial losses, the Property remains in a state of disrepair and Complainant continues to incur out-of-pocket expenses.

**24.**

To date, no more insurance proceeds have been forthcoming.

**25.**

Upon information and belief, Defendant's failure to timely and adequately compensate Complainant for their loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

**26.**

Upon information and belief, Defendant purposely and/or negligently misrepresented to Complainant the terms and conditions of the Policy.

**27.**

Upon information and belief, Defendant conducted the investigation and claims handling for Complainant's Hurricane Ida claim in bad faith, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**28.**

Upon information and belief, Defendant manipulated its pricing software to artificially suppress the cost of repairs below market value.

**29.**

Upon information and belief, Defendant purposely or at least negligently failed to include adequate overhead and profit in its estimates of damages.

**30.**

Complainant has incurred or will incur additional expenses in repairing the Property as a result of Defendant's failure to timely compensate them for their substantial and covered losses.

**31.**

Complainant has incurred or will incur additional living expenses as a result of the damages caused to her Property by the Hurricane Ida, including those additional living expenses that will be incurred during the repair of the Property.

### III. CAUSES OF ACTION
#### A. Breach of the Insurance Contract

**32.**

Complainant re-alleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

**33.**

An insurance contract, the Policy, exists between Complainant and Defendant.

**34.**

The Policy provides coverage for perils including hurricanes.

**35.**

Despite having received satisfactory proof of loss for damages caused by Hurricane Ida, Defendant failed to timely tender adequate insurance proceeds as required by the Policy.

**36.**

By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of its inspection, Defendant breached the Policy.

**37.**

By failing to timely tender undisputed insurance proceeds after having received satisfactory proof of a covered loss by way of its inspection, Defendant breached the Policy.

**38.**

By failing to timely tender undisputed insurance proceeds neither after inspection or having received satisfactory proof of a covered loss by way of the Prime Claims estimate, Defendant breached the Policy.

**39.**

By purposely and/or negligently misrepresenting to Complainant the terms and conditions of the Policy, Defendant breached the Policy.

**40.**

By failing to conduct the claims handling for Complainant's Claim in good faith and with fair dealing, Defendant breached the Policy.

**41.**

By manipulating its pricing software to artificially suppress the cost of repairs below market value, Defendant breached the Policy.

**42.**

By failing to include adequate overhead and profit in its estimates of damages, Defendant breached the Policy.

**43.**

Complainant has suffered and continues to suffer damages as a result of these breaches of the Policy.

**B. Bad Faith**

**44.**

Complainant re-alleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

**45.**

The actions and/or inactions of Defendant in failing to timely and adequately compensate Complainant for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

**46.**

Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

**47.**

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

**48.**

La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

**49.**

Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Complainant adequate payment in connection with their Claim, despite having received satisfactory proof of loss following its own inspections of the Property and following its receipt of independent proof of loss from Prime Claims.

**50.**

Defendant's misrepresentation of the relevant facts and/or the terms of the Policy was in bad faith.

**51.**

Defendant's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

**52.**

Defendant's failure to pay timely for damages it knew, or should have known, existed at the time it received the Prime Claims estimate was in bad faith.

**53.**

Defendant's manipulation of its pricing software to artificially suppress the cost of repairs below market value was in bad faith.

**54.**

Defendant's failure to include adequate overhead and profit in its estimates of damages was in bad faith.

**55.**

Defendant's handling of Complainant's Claim was in bad faith.

### IV.  DAMAGES

**56.**

Complainant re-alleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

**57.**

As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Complainant has incurred the following, non-exclusive damages:

   a. Diminution of the value of the Property;

   b. Actual repair costs;

   c. Reimbursement for personal repairs at the Property;

   d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

   e. Additional living expenses;

   f. Mental anguish;

   g. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

   h. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

## JURY DEMAND

**58.**

Complainant requests a trial by jury.

**59.**

**WHEREFORE,** Complainant , Debbie Batiste, prays that, Defendant, State Farm Fire and Casualty Company, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Complainant, Debbie Batiste, and against, Defendant, State Farm Fire and Casualty Company, in an amount that will fully and fairly compensate Complainant pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

**RESPECTFULLY SUBMITTED:**

_____

Galen M. Hair, La. Bar. No. 32865
Alaina Brandhurst La. Bar No. 35057
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC.**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM LAWYERS, INC.**
3540 S. I-10 Service Rd., W, Ste. 300
Metairie, Louisiana 70001
Telephone: 504.267.1736
hair@hstalaw.com
abrandhurst@hstalaw.com

**PLEASE SERVE:**

**State Farm Fire and Casualty Company**
*Through its Registered Agent of Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809